# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SIX UNKNOWN AGENTS, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01729 LJO DLB PC<br><br>ORDER DISMISSING ACTION |

　　　Plaintiff Young Yil Jo is a former federal prisoner currently housed at the Etowah County Jail in Gadsden, Alabama. On October 28, 2013, Plaintiff filed what was construed as a civil rights complaint.[1] The complaint was not signed, and Plaintiff did not pay the filing fee or submit an application to proceed in forma pauperis.

　　　On November 5, 2013, the Court issued an order striking the complaint. Plaintiff was ordered to file a signed complaint and either file an application to proceed in forma pauperis, or pay the filing fee, within thirty (30) days. Over thirty (30) days have passed and Plaintiff has not complied with the Court's order. Plaintiff was warned that dismissal would occur if he failed to obey the order.

　　　On November 15, 2013, Plaintiff filed a notice of appeal. However, the Court's November 5,

---

[1] Plaintiff references the name "Yuri Tzul" in the caption and body of the complaint. However, the complaint arrived in an envelope with Plaintiff's name and return address. The complaint was not signed and the Court was not provided with any contact information for "Yuri Tzul."

1

2013, order was not immediately appealable. "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007).

A civil action may not proceed absent the submission of a signed complaint and either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915; Fed. R. Civ. P. 3, 11(a). Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Accordingly, the Court HEREBY ORDERS this action dismissed, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:  **December 16, 2013**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE